**STATE OF WEST VIRGINIA**

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **J.S.**

**No. 20-0432** (Randolph County 19-JA-178)

**MEMORANDUM DECISION**

Petitioner Mother M.S., by counsel Gregory R. Tingler, appeals the Circuit Court of Randolph County's March 31, 2020, order terminating her parental rights to J.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Melissa T. Roman, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights and denying her post-termination visitation with the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against petitioner with regard to her three older children in 2006, which alleged that petitioner was addicted to drugs and exposed her children to drug activity and drug addicts. Petitioner was granted an improvement period, which she failed to successfully complete, and her parental rights to the older three children were terminated. Petitioner subsequently gave birth to a fourth child, and a petition was filed against her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

with regard to the fourth child, raising the same allegations as the prior petition. Eventually, petitioner voluntarily relinquished her parental rights to the fourth child in 2007.[2]

In December of 2019, the DHHR filed the instant child abuse and neglect petition against petitioner with regard to her fifth child, J.S. The DHHR alleged that law enforcement officers went to the home where petitioner was staying after receiving reports that the child had been crying for two hours. The officers discovered J.S. in a room upstairs by himself within reach of methamphetamine, marijuana, drug paraphernalia, and a loaded gun. Petitioner had left the child with an inappropriate babysitter whose parental rights to her own child had been terminated. Upon arriving at the home, petitioner was arrested and charged with possession with intent to distribute, conspiracy, and child neglect.[3] Petitioner admitted to the investigating DHHR worker that she used drugs and sold methamphetamine. In sum, the DHHR alleged that petitioner's drug abuse was pervasive, that she was unwilling or unable to perform parental duties, and that aggravated circumstances existed due to the termination of her parental rights to her older children. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in February of 2020 wherein petitioner stipulated to the allegations contained in the petition. Specifically, petitioner stipulated to prior drug abuse and the termination of her parental rights to her older children, as well as current drug abuse and a failure to provide appropriate supervision for J.S. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. Petitioner subsequently filed a motion for a post-adjudicatory or post-dispositional improvement period.

In March of 2020, the circuit court held a dispositional hearing. Petitioner expressed a desire to relinquish her "guardianship" rights to the child, but the DHHR and the guardian opposed her request. The DHHR moved the circuit court to terminate petitioner's parental rights, arguing that petitioner stipulated that aggravated circumstances existed due to her prior termination of parental rights to her older children due to her drug abuse. The DHHR argued that petitioner admitted to abusing J.S. in the same way as the older children, failed to demonstrate any change in circumstances since the prior proceedings, and was unable to meaningfully participate in the proceedings due to her incarceration.

Petitioner testified, claiming that she demonstrated a substantial change in circumstances since the prior proceeding by maintaining sobriety following her release from prison around 2014 and becoming employed as the kitchen lead at a local restaurant. However, petitioner admitted that her period of sobriety did not last. After a few years, petitioner's ex-husband became violent toward her and they separated, leaving petitioner homeless. Petitioner eventually turned back to drugs, which led to the instant petition's filing. Petitioner testified that she would do whatever the circuit court asked of her if she were granted an improvement period. However, when asked what "kind of help" she needed, petitioner responded that she needed a more reliable and appropriate babysitter. Petitioner also stated that if she were released from prison, she only knew of "maybe

---

[2]Petitioner was sentenced to five years of incarceration due to drug-related charges at that time. Petitioner was also arrested and sentenced to an unknown period of incarceration around 2014.

[3]Petitioner remained incarcerated throughout the entirety of the proceedings below.

two people that [she] could go stay with that would be an acceptable place, but [she] ha[d not] even bothered to ask." On cross-examination, petitioner also denied that the child was found within reach of a loaded gun and conceded that her circumstances at the time of the instant petition's filing were similar to those leading to the filing of the prior petitions against her.

By order entered on March 31, 2020, the circuit court denied petitioner's request for an improvement period and terminated her parental rights to J.S. In support of its decision, the circuit court noted that aggravated circumstances existed due to petitioner's parental rights having been terminated in prior proceedings. The circuit court found that petitioner had been granted an improvement period in her prior proceedings, but that she failed to successfully complete the same. While petitioner did have a period of stability and sobriety in the intervening time, she failed to maintain that success as the situation that led to the instant petition's filing involved essentially the same conditions of abuse and neglect which led to the prior proceedings, namely drug use and incarceration. Given petitioner's incarceration and inability to demonstrate a substantial change in her circumstances, the circuit court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the child's welfare. Petitioner appeals the dispositional order terminating her parental rights.[4]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period, especially when she demonstrated a significant change of circumstances since her prior proceedings in 2006 and 2007. Petitioner states that, following her release from incarceration in 2009 or 2010, she remained addicted to drugs and was incarcerated on new drug-related charges in 2014. Thereafter, petitioner "made the decision to get herself clean from . . . drugs" and "requested placement at a half-way house." Petitioner claims that she "broke her cycle of addiction" and successfully completed two years of probation.

---

[4]The proceedings regarding the father remain ongoing. The permanency plan for the child is adoption by his foster family should reunification with the father not occur.

According to petitioner, while on probation, she became pregnant with J.S. and never failed a drug screen while pregnant. Petitioner also found housing and employment during that time, becoming the kitchen lead at a local restaurant. Petitioner states that she took "significant steps to remedy the circumstances leading to her 2006 termination" but concedes that by the filing of the instant petition her "circumstances placed her in a similar position." She claims, however, that she has proven that she is able and willing to provide for herself and her child.

Pursuant to West Virginia Code § 49-4-604(b)(7)(C), the DHHR was not "required to make reasonable efforts to preserve the family" because "the parental rights of [petitioner] to another child [had] been terminated involuntarily." Therefore, the DHHR was justified in not affording petitioner services throughout the proceedings. However, petitioner's prior termination of her parental rights was not dispositive as to an improvement period. West Virginia Code § 49-4-610(3)(B) provides that the circuit court may grant a parent a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "Additionally, if a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004).

Here, petitioner fails to demonstrate that she was entitled to an improvement period. While petitioner states that she demonstrated the ability to improve her parenting skills, she relies on a short period of time between 2014 and 2019 wherein she briefly maintained sobriety, housing, and employment. However, the record is clear that petitioner was abusing and selling drugs and was homeless at the time of the instant petition's filing. As such, petitioner's reliance on these short instances of stability in her life is misplaced and unpersuasive. Moreover, petitioner was incarcerated for the entirety of the underlying proceedings and, thus, was unable to participate in any sort of improvement period. Although petitioner now claims that she has been released from incarceration and her charges dismissed, the circuit court was not privy to this information at the time of disposition as petitioner testified that she did not know of a projected release date. Lastly, petitioner failed to truly acknowledge the gravity of her actions in this case. While petitioner testified that she was a drug addict in need of help, she claimed she merely needed a reliable babysitter, denied knowledge of firearms in the home, and blamed the child's crying for two hours on behavioral issues. We have previously found that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citing to *Charity H.*, 215 W.Va. at 217, 599 S.E.2d at 640). Clearly, petitioner failed to truly grasp the extent of her abuse and neglect of the child. The evidence set forth above is sufficient to deny petitioner's motion for an improvement period, and we find no error in the proceedings below.

4

We likewise find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Moreover, "the legislature has reduced the minimum threshold of evidence necessary for termination where" the parent's parental rights to another child have been terminated involuntarily. *In re Kyiah P.*, 213 W. Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W. Va. 435, 437, 518 S.E.2d 863, 865 (1999)); *see also* W. Va. Code § 49-4-605(a) (outlining factors under which the DHHR must seek termination of a parent's parental rights).

The evidence supports a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Petitioner was provided at least one improvement period in her prior proceedings in 2006 through 2007 but failed to remedy the conditions of abuse and neglect, resulting in the termination of her parental rights to three older children and the subsequent voluntary relinquishment of her parental rights to a fourth child. Petitioner was sentenced to incarceration for drug-related criminal charges and, by her own admission, left prison still addicted to drugs. Petitioner also admitted that she was incarcerated again on drug-related charges in 2014. While petitioner briefly improved her situation, she regressed into drug abuse and selling drugs at the time of the instant petition's filing. Petitioner was once again incarcerated and remained so throughout the entirety of the proceedings, unable to address the conditions of abuse. Accordingly, petitioner demonstrated an inadequate capacity to solve the problems of abuse and neglect on her own or with help. To the extent petitioner claims the circuit court should have imposed a less-restrictive alternative to the termination of her parental rights, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given the "reduced . . . threshold of evidence necessary for termination" in this case, we find no error in the circuit court terminating petitioner's parental rights to the child. *Kyiah P.*, 213 W. Va. at 427, 582 S.E.2d at 874.

Petitioner also argues that the circuit court erred in denying her post-termination visitation with the child. While petitioner acknowledges that the child is not of an age or maturity to express his desires, she claims that she has been his only caretaker and that he has special needs, which warrants granting her post-termination visitation. Further, petitioner claims that although she was

incarcerated at the time of the dispositional hearing, she has since been released and is able to participate in visitation.

This Court has previously held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.

Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). At the time of the dispositional hearing, petitioner had failed to remedy the conditions of abuse and neglect. Moreover, at the time of the dispositional hearing, petitioner was unable to participate in visits with the child due to her incarceration and did not have an anticipated release date. Given these circumstances, we find no error in the circuit court's decision to deny petitioner post-termination visitation.

Lastly, because the proceedings regarding the father remain ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds

that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 31, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

7